

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THELONIOUS B. RAGIN, II,

    Petitioner,

v.                                                                    Civil Action No. **3:18CV367**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Thelonious B. Ragin, II, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Virginia Beach, Virginia (hereinafter, "Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Ragin has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.

## I. PROCEDURAL HISTORY

Following a jury trial, Ragin was convicted of aggravated malicious wounding, maliciously shooting into an occupied vehicle, and use of a firearm in the commission of a felony. (ECF No. 12-1, at 2; § 2254 Pet. 1.)[1] Ragin appealed. (ECF No. 12-1, at 2.) On December 11, 2015, the Court of Appeals of Virginia denied Ragin's appeal. (*Id.*) Ragin did not pursue a further appeal to the Supreme Court of Virginia.

---

[1] The Court employs the pagination assigned by CM/ECF docketing system for the citations to the parties' submissions.

On March 16, 2017, Ragin filed a petition for a writ of habeas corpus with the Supreme Court of Virginia ("First State Habeas Petition"). (*See* ECF No. 12–2, at 1.) On June 14, 2017, the Supreme Court of Virginia dismissed the petition. (*Id.*)

On October 30, 2017, Ragin filed another petition for a writ of habeas corpus with the Supreme Court of Virginia ("Second State Habeas Petition"). (*See* ECF No. 12–3, at 1.) On March 14, 2018, the Supreme Court of Virginia denied the petition and found, *inter alia*, that "the petition was not timely filed as it was not filed within two years from the April 13, 2015, final judgment in the trial court as recited in the petition. Code § 8.01–654(A)(2)." (*Id.*)

On May 15, 2018, Ragin filed his § 2254 Petition with this Court.[2] In his § 2254 Petition, Ragin contends that he was denied the effective assistance of counsel because appellate counsel failed to pursue a second-tier appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. (§ 2254 Pet. 5.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Ragin's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2] This is the date that Ragin states that his § 2254 Petition was deposited in the prison mailing system (*see* § 2254 Pet. 14), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Ragin's convictions became final on Monday, January 12, 2016, when the time expired for Ragin to pursue an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:14(a) (requiring that, in appeals from the Court of Appeals of Virginia to the Supreme Court of Virginia, the notice of appeal must be filed within thirty (30) days). The limitation period began to run on Tuesday, January 13, 2016, and ran for over a year before Ragin filed any state or federal petition for a writ of habeas corpus. Thus, Ragin's § 2254 Petition is untimely under § 2244(d)(1)(A).

## C. Belated Commencement

Ragin tersely contends that his § 2254 Petition is timely "because [of] counsel['s] failure to prosecute appeal." (§ 2254 Pet. 13 (capitalization corrected).) In light of his *pro se* status, the Court construes Ragin to contend that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D). This provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Apparently, Ragin suggests that he is entitled to a belated commencement of the limitation period until when he knew or should have known that appellate counsel had failed to pursue an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia.

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Here, Ragin fails to advance any facts that demonstrate he acted diligently. Nevertheless, review of Ragin's submissions attached to his Second State Habeas Petition, reveals the following facts.[3] In July of 2015, Ragin's family retained London Cameron Crounse to appeal Ragin's case.

---

[3] The Court employs the pagination assigned by the Supreme Court of Virginia to Ragin's Second State Habeas Petition.

4

Second State Habeas Petition 36. Ragin contends that he desired to fully pursue all appeals. (*Id.*) On December 11, 2015, the Court of Appeals of Virginia denied Ragin's appeal. (ECF No. 12–1, at 2.) Ragin contends that Crounse failed to notify him of the denial and dropped the case.[4] (Second State Habeas Petition 36.) Ragin requested that his parents call Crounse's office to check on the status of the appeal. (*Id.* at 37.) Ragin's mother called Crounse's office in April and May of 2016 to inquire about the status of the appeal, but Crounse did not return her calls. (*Id.* at 37 n.1.) In November of 2016, Ragin sent a letter to the Court of Appeals of Virginia inquiring about the status of his appeal. (*Id.* at 37.) No later than December of 2016, Ragin apparently learned that counsel had not pursued an appeal to the Supreme Court of Virginia, because by the beginning of January of 2017, Ragin had filed a state bar complaint against Crounse for not pursuing an appeal to the Supreme Court of Virginia. (*Id.* at 39–45.)

Counsel's failure to pursue an appeal to the Supreme Court of Virginia was discoverable as of Tuesday, January 13, 2016, when the lack of a further appeal became a part of the public record. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008). Although Ragin could have discovered his counsel's failure to pursue an appeal to the Supreme Court of Virginia on January 13, 2016, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover an appeal has not been pursued, a petitioner must offer some evidence that he acted with due diligence. *See Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (finding that "a reasonable prisoner

---

[4] During the state bar proceedings, Crounse asserted that he was retained only to represent Ragin for Ragin's appeal to the Court of Appeals of Virginia. (Second State Habeas Petition 37.) Crounse further asserted that following the denial of Ragin's appeal, he asked a staffer to mail a copy of the appellate decision to Ragin. (*Id.*)

5

may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month delayed discovery claim was supported by dated letter from his attorney and various state court filings seeking to perfect direct appeal).

The record reflects that Ragin's family had retained Crounse in July of 2015 to pursue an appeal. In the following months, Ragin heard little to nothing from counsel regarding the status of the appeal. Accordingly, Ragin prompted his family in April and May of 2016 to contact Crounse to ascertain the status of the appeal. Crounse failed to respond to Ragin's mother's inquiries. In the face of this obstinate silence, a reasonable individual would have contacted the courts directly and discovered that no appeal had been filed. *El-Abdu'llah v. Dir., Va. Dep't of Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) ("[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." (citing *Shelton v. Ray*, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005); *Gonzalez-Ramos v. United States*, Nos. 05 Civ. 3974 & 99 Cr. 1112(LAP), 2007 WL 1288634, at *8 (S.D.N.Y. May 2, 2007)). Accordingly, under the present facts, a petitioner acting with reasonable diligence would have contacted the courts and discovered that his appeal had not been filed, at the very latest, by July of 2016. Therefore, the Court concludes that Ragin is entitled to a belated commencement of the limitation period until July of 2016 for his § 2254 Petition.

Nevertheless, because Ragin failed to file his § 2254 Petition until almost two years after that date, the § 2254 Petition remains barred by the one-year statute of limitations. Specifically, the Court notes that Ragin's Second State Habeas Petition was untimely, thus it fails to qualify for statutory tolling under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end

6

of the matter' for purposes of § 2244(d)(2)."). Neither Ragin nor the record suggest any circumstance that could render his § 2254 Petition timely. In this regard, the Court notes that equitable tolling[5] would not render the § 2254 Petition timely. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))). "Simply put, [Ragin] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (citations omitted); *cf. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Because Ragin fails to demonstrate that some extraordinary circumstance, rather than his own lack of diligence, prevented him from filing in a timely manner, the statute of limitations bars the § 2254 Petition.

---

[5] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

7

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Ragin's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificated of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 25 January 2019
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge